ALITO, Circuit Judge,
concurring in the judgment.
I concur in the judgment based on the decision in N.E. Dept’t ILGWU Health & Welfare Fund v. Teamsters Local Union No. 229 Welfare Fund, 764 F.2d 147 (3d Cir.1985). Although there is now substantial contrary authority, we are bound by prior panel decisions of our Court until they are overruled.
The Court avoids the question whether an assignee can assert a claim under Section 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B), by holding that there is insufficient evidence to support a finding that there were assignments in this case. I disagree. While the summary judgment record does not contain any express assignments of the claims at issue, there is ample evidence to support a finding that the claims were assigned to the Hospital. What happened here is very common. Participants of a health care plan received treatment from a provider; the partici *405 pants did not pay for those services but instead gave the provider the information needed to bill their plan; the provider then billed the plan pursuant to a contract obligating the plan to pay the provider on the assigned claims of participants; and the plan paid, albeit at a discounted rate. These facts are more than sufficient to prove that the claims were implicitly assigned to the provider. In holding that the summary judgment record is insufficient to prove assignments, the Court ignores the obvious reality of the situation.